IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XYZ Corporation,<br><br>   Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,<br><br>   Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, XYZ Corporation., ("Plaintiff"), by and through its counsel, the Bayramoglu Law Offices, LLC, submits the following Complaint against the individuals, corporations, limited liability companies, partnerships and unincorporated associations identified on Schedule "A" hereto (collectively "Defendants") and hereby alleges as follows:

## NATURE OF THE ACTION

1. This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill and valuable copyrights consisting of images and 3-D artwork embodied in Plaintiff's "▮▮▮▮" brand product line of women's apparel (the "▮▮▮▮ Brand Copyrights"). Plaintiff publishes ▮▮▮▮ Brand Copyrights on an online storefront located at www.▮▮▮▮.com. Defendants infringe the ▮▮▮▮ Brand Copyrights by publishing the copyrighted images and 3-D artwork on numerous fully interactive commercial internet stores on the online platform AliExpress.com ("AliExpress") identified on Schedule A, and are using, without authorization, the ▮▮▮▮ Brand Copyrights and derivates thereof, to sell and/or offer for sale "knock-off" products of inferior quality and at bargain basement prices.

2. Defendants likewise advertise, market, and/or sell their knockoff products embodying Plaintiff's ▮▮▮▮ Brand Copyrights by reference to the same photographs and 3-D

artwork as genuine ▮▮▮ Brand products, which causes further confusion and deception in the marketplace. Unique identifiers common to Defendants' internet stores, such as design elements and similarities in Defendant's unlawful use of the ▮▮▮ Brand Copyrights, establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation.

3. Plaintiff is forced to file this action to combat Defendants' counterfeiting of Plaintiff's copyrights, as well as to protect unknowing consumers from purchasing knockoff products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of the ▮▮▮ brand's reputation and goodwill because of Defendants' actions, and therefore seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

5. This Court has jurisdiction over the unfair deceptive trade practices claim in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each of the Defendants directly targets consumers in the United States, including those within the State of Illinois, through at least the fully interactive commercial internet stores accessible through AliExpress as identified in Schedule A, which is attached hereto as Exhibit 2.

7. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which residents can purchase

inferior products that are advertised for sale using, without authorization, the ▓▓▓▓ brand copyrights. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including to the State of Illinois, accept payment in United States currency, and, on information and belief, has used photographs and 3-D artwork protected by the ▓▓▓▓ Brand Copyrights to sell competing products of lesser quality to residents of the State of Illinois.

8. Each of the Defendants is committing tortious acts in the State of Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of copyright infringement in this judicial district, and do substantial business in the judicial district.

## THE PARTIES

9. Plaintiff is a corporation organized under the laws of the People's Republic of China and is the owner of numerous federal copyright registrations issued by the United States Copyright Office that constitute the ▓▓▓▓ Brand Copyrights. Attached hereto as Exhibit 1 is a table summarizing true and correct federal copyright registration information regarding the ▓▓▓▓ Brand Copyrights.

10. Plaintiff founded the ▓▓▓▓ brand in 2009, which is dedicated to women's fashion apparel and serves consumers in the United States and throughout the world.

11. Between 2021 and 2022, Plaintiff designed, caused to subsist in material form, and first published the original protected ▓▓▓▓ Brand Copyrights on its website located at www.▓▓▓▓.com and over the years has worked hard to establish success and recognition for high quality women's apparel internationally and in the U.S.

12. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting its ▓▓▓▓ brand and, specifically, the ▓▓▓▓ Brand Copyrights. As a result, the ▓▓▓▓ brand is widely recognized and exclusively associated by consumers, the public, and the trade as being quality products.

13. Plaintiff owns all rights, including without limitation, the rights to reproduce the ▮ Brand Copyrights in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending, the protected works.

14. Plaintiff has neither licensed nor authorized Defendants to use the ▮ Brand Copyrights and none of the Defendants are authorized retailers of Plaintiff's genuine ▮ brand products.

15. Upon information and belief, Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China or Hong Kong. Defendants conduct business throughout the United States, including within the State of Illinois and in this judicial district, through the operation of Defendants' AliExpress stores identified in Schedule A, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit ▮ brand products to consumers within the United States, including in the State of Illinois and in this judicial district, utilizing, without authorization, the ▮ Brand Copyrights.

16. Defendants go to great lengths to conceal their identities and the full scope of their operations making it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network.

## DEFENDANTS' UNLAWFUL CONDUCT

17. The success of Plaintiff's ▮ brand has resulted in counterfeiting and intentional copying of the company's products, and the sale and offering for sale of said products through the unauthorized use of the ▮ Brand Copyrights. Upon information and belief, Defendants conduct their illegal operations through commercial stores on AliExpress. Each Defendant targets consumers in the United States, including in the State of Illinois, and sells and offers for sale counterfeit products through the unauthorized use of photographs and 3-D artwork protected by ▮ Brand Copyrights.

18. In similar cases involving multiple counterfeiters, defendants operating internet stores intentionally conceal their identities and the full scope of their counterfeiting operations to

deter plaintiffs and Courts from learning their true identities and the full extent of their illegal counterfeiting operations.

19. In this case, through the unauthorized use of the ▮ Brand Copyrights on their AliExpress stores, Defendants are directly and personally contributing to, inducing and engaging in the infringement of the ▮ Brand Copyrights as alleged, often times as partners, co-conspirators and/or suppliers. Upon information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully use without authorization the ▮ Brand Copyrights, to manufacture, import, distribute, offer for sale, and sell competing inferior products.

20. Upon information and belief, and at all times relevant hereto, Defendants have had full knowledge of Plaintiff's ownership of the ▮ Brand Copyrights including its exclusive right to use and license the ▮ Brand and the goodwill associated therewith.

21. Plaintiff has identified numerous stores on AliExpress.com, including Defendants' AliExpress Stores, which are offering for sale, selling, and importing knockoff products to consumers in this judicial district and throughout the United States by using, without authorization, the ▮ Brand Copyrights. Infringers on e-commerce platforms such as Defendants' AliExpress Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price ("MSRP") of goods seized by the U.S. government in fiscal year 2020 was over $1.3 billion. Internet websites like Defendants' AliExpress Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

22. On information and belief, Defendants set up seller accounts on AliExpress using, without authorization, the ▮ Brand Copyrights so that they appear to unknowing consumers to be authorized online retailers of genuine ▮ brand products. Defendants' AliExpress stores accept payment in United States currency via credit cards and PayPal.

23. On information and belief, Defendants deceive unknowing consumers by using Plaintiff's ▮▮▮▮ Brand Copyrights on Defendants' AliExpress stores without authorization to attract customers, and to sell counterfeit products resembling ▮▮▮▮ brand products.

24. Defendants, in similar type of counterfeit cases, deceive unknowing consumers by using the infringed intellectual property as originally used in connection with the sale of genuine products, within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer product searches. Additionally, counterfeiters in similar type cases, use other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendants internet store listings show up at or near the top of relevant search results and misdirect consumers searching for genuine products. Further, counterfeiters utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down.

25. Here, a search for the ▮▮▮▮ brand women's dresses on AliExpress results in the unauthorized display of the ▮▮▮▮ Brand Copyrights being used to promote competing, inferior products. As such, Plaintiff also seeks to disable Defendants AliExpress stores that are the means by which the Defendants use, without authorization, the ▮▮▮▮ Brand Copyrights to continue to sell knockoff products to consumers in the State of Illinois and in this judicial district.

26. On information and belief, Defendants conceal their identities by using multiple fictitious names and addresses to register and operate a massive network of internet stores. It is common practice for counterfeiters to register accounts with incomplete information, randomly typed letters, or omitted cities or states; use privacy services that conceal the owners' identity and contact information; and regularly create new websites and online marketplace accounts on various platforms including Defendants' AliExpress stores listed in Schedule A, which is attached hereto as Exhibit "2". Such internet store registration patterns are one of many common tactics counterfeiters use to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

27. Upon receiving notice of a lawsuit, counterfeiters in similar cases will often register new domain names or online marketplace accounts under new aliases.[1] Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2021 U.S. Customs and Border Protection ("CBP") report on seizure statistics indicated that e-commerce sales accounted for 13.3% of total retail sales with second quarter of 2021 retail e-commerce sales estimated at $222.5 billion.[2] In FY 2021, there were 213 million express mail shipments and 94 million international mail shipments. *Id.* Nearly 90 percent of all intellectual property seizures occur in the international mail and express environments. *Id.* at 27. The "overwhelming volume of small packages also makes CBP's ability to identify and interdict high risk packages difficult." *Id.* at 23.

28. Further, counterfeiters often operate multiple credit card merchant accounts and third-party accounts behind layers of payment gateways so that they can continue operating in spite of enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their AliExpress accounts to off-shore bank accounts outside the jurisdiction of this Court particularly since it is believed that Defendants reside in the People's Republic of China or Hong Kong.

29. Defendants' unlawful use of Plaintiff's ▮▮▮ Brand Copyrights to promote knockoff products for sale on Defendants' AliExpress stores, bear similarities and indicia of interrelatedness, suggesting they are manufactured by and come from a common source. Notable features common to Defendants' AliExpress stores include lack of contact information, same or similar products for sale, identically or similarly priced items and sales discounts, shared hosting

---

[1] https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumers-aboutcounterfeit-
goods-during (counterfeiters are "very adept at setting up online stores to lure the public into thinking they are purchasing legitimate good on legitimate websites") (last visited Apr. 6, 2022).
[2] U.S. Customs and Border Protection, Intellectual Property Right Seizure Statistics, FY 2021 (https://www.cbp.gov/sites/default/files/assets/documents/2022-Sep/202994%20-%20FY%202021%20IPR%20Seizure%20Statistics%20BOOK.5%20-%20FINAL%20%28508%29.pdf) at 23.

service (in this case AliExpress), similar name servers, and their common infringement of Plaintiff's ▇ Brand Copyrights.

30. Defendants' use of Plaintiff's ▇ Brand Copyrights in connection with the advertising, marketing, distribution, offering for sale and the sale of competing products of inferior quality is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming the ▇ brand. Defendants have manufactured, imported, distributed, offered for sale and sold their inferior products using the ▇ Brand Copyrights and will continue to do so.

31. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the ▇ Brand Copyrights in connection with the advertisement, offer for sale and the sale of counterfeit or knockoff ▇ products through, *inter alia*, their AliExpress stores identified in Schedule A.

32. Upon information and belief, Defendants will continue to infringe the ▇ Brand Copyrights for the purpose of selling inferior knockoff products unless preliminarily and permanently enjoined.

33. Defendants' unauthorized use of the ▇ Brand Copyrights in connection with the advertising, distribution, offering for sale, and the sale of poor-quality products in the United States and specifically into the State of Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff's ▇ brand.

34. Unless enjoined, Defendants infringing conduct will continue to cause irreparable harm to Plaintiff.

COUNT I

COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)

[Against Defendants Designated in Schedule A]

35. Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 34, above.

36. Plaintiff's ▇ Brand Copyrights have significant value and have been produced and created at considerable expense.

37. Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the ▇ Brand Copyrights in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending, the copyright protected works.

38. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using the ▇ Brand Copyrights without Plaintiff's permission.

39. Upon information and belief, Defendants have directly copied the ▇ Brand Copyrights to advertise, promote, offer for sale, and sell competing products of low quality and at a fraction of the price.

40. As examples, Defendants deceive unknowing consumers by using, without authorization, the ▇ Brand Copyrights on Defendants' AliExpress stores to attract customers as follows:

COMPLAINT FOR COPYRIGHT INFRINGEMENT        CASE NO.: _:__-cv-_____-___-___

Exemplary of Counterfeit Products sold on Defendant's AliExpress Stores



▇▇▇ Brand Copyrighted Photographs and 3-D Artwork on ▇▇▇▇.



41. Defendants' unauthorized exploitation of ▇▇▇ Brand Copyrights to advertise, offer for sale and sell inferior products on Defendants' AliExpress Stores constitutes copyright infringement.

42. On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of the ▇▇▇ Brand Copyrights.

43. Each Defendant either knew, or should have reasonably known, that the ▇▇▇ Brand Copyrights are copyright protected, and that their unauthorized display and use of the representations infringed on the ▇▇▇ Brand Copyrights. Further, each Defendant continues to infringe upon Plaintiff's rights in and to the ▇▇▇ Brand Copyrights.

44. As a direct and proximate result of their unauthorized and infringing conduct, Defendants have obtained and continue to realize direct and indirect profits and other benefits

COMPLAINT FOR COPYRIGHT INFRINGEMENT                CASE NO.: _:__-cv-_____-___-___

rightfully belonging to Plaintiff, and that Defendants would not otherwise have realized but for their infringement of Plaintiff's ▬ Brand Copyrights.

45. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

46. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. § 504.

47. In addition to actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). Each Defendant should be required to account for all gains, profits, and advantages derived by each Defendant from their acts of infringement.

48. In the alternative, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

49. Plaintiff is entitled to, and may elect to choose injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing work and for an order under 17 U.S.C. § 503 that any of Defendants' infringing products be impounded and destroyed.

50. Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

51. Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to the reputation and goodwill of their well-known ▬ brand.

52. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. As such, Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the ▬ Brand Copyrights and ordering that each Defendant destroy all unauthorized copies. Defendants' copies, plates, and other embodiments of the copyrighted works from which copies can

be reproduced, if any, should be impounded and forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C §503.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))
### [Against Defendants Designated in Schedule A]

53. Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 34, above.

54. Defendants' use of material protected by Plaintiff's ▮ Copyrights for the promotion, marketing, offering for sale, and the sale of knockoff ▮ Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to false affiliation, connection, or association with Plaintiff's ▮ brand or the false origin, sponsorship, or approval of Defendants' inferior products under Plaintiff's ▮ brand.

55. By using Plaintiff's ▮ Brand Copyrights in connection with Defendants' sale of knockoff products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of Defendants' inferior quality products.

56. Defendants' conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of its knockoff products to the general public under 15 U.S.C. §§ 1114, 1125.

57. Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to the company's reputation and the goodwill of the ▮ brand.

## COUNT III

## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

## (815 ILCS § 510/1, et seq.)

## [Against Defendants Designated in Schedule A]

58. Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 34, above.

59. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their knockoff products as those of Plaintiff's ▮ brand products through the unauthorized use of the ▮ Brand Copyrights, thereby causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine ▮ brand products, falsely representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

60. The foregoing acts of Defendants constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq.

61. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its ▮ Brand's reputation and goodwill. Unless enjoined by the Court, Plaintiff will continue to suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them

be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using Plaintiff's ▇▇▇ Brand Copyrights or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine ▇▇▇ brand product or is not authorized by Plaintiff to be sold in connection with its registered copyrights;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine ▇▇▇ brand product or any other product produced by Plaintiff by using the ▇▇▇ Brand Copyrights to sell and offer for sale such products that are not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff;

c. committing any acts calculated to cause consumers to believe that Defendants' inferior products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff or its ▇▇▇ brand;

d. further infringing the ▇▇▇ Brand Copyrights and damaging Plaintiff's ▇▇▇ Brand's reputation and goodwill;

e. otherwise competing unfairly with Plaintiff through the unauthorized use of the ▇▇▇ Brand Copyrights in any manner;

f. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory sold or offered for sale through the unauthorized use of the ▇▇▇ Brand Copyrights;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendants' stores on AliExpress, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell knockoff ▇▇▇ brand products through the unauthorized use of the ▇▇▇ Brand Copyrights; and

h. operating and/or hosting websites at the Defendants' Internet stores and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product through the unauthorized use of the ▇▇▇ Brand Copyrights.

COMPLAINT FOR COPYRIGHT INFRINGEMENT                     CASE NO.: _:__-cv-_____-___-___

2. That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1 above;

3. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including AliExpress, Walmart, Amazon, DHgate, eBay, Temu, and Wish, social media platforms such as Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendants' Internet Stores, and domain name registrars, shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of knockoff ▮ brand products by using, without. authorization, the ▮ Brand Copyrights, including any accounts associated with the Defendants listed on Schedule A;

b. disable and cease displaying any advertisements used by or associated with Defendants that display the ▮ Brand Copyrights; and

c. take all necessary steps to prevent links to Defendant's AliExpress stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to Defendants' domain names from any search index.

4. That Defendants account for and pay to Plaintiff all profits realized by them through the unauthorized use of the ▮ Brand Copyrights.

5. In the alternative, that Plaintiff be awarded statutory damages of not less than $750 and not more than $30,000 for each and every infringement of the ▮ Brand Copyrights pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement;

6. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7. Award any and all other relief that this Court deems just and proper.

COMPLAINT FOR COPYRIGHT INFRINGEMENT         CASE NO.: _:__-cv-_____-___-___

## DEMAND FOR JURY TRIAL

Plaintiff also demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: February 29, 2024        Respectfully Submitted

By: */s/ Nihat Deniz Bayramoglu*
Nihat Deniz Bayramoglu (NV Bar No. 14030)
Gokalp Bayramoglu (NV Bar No. 15500)
David Silver (NV Bar No. 15641)
Nandish Wijetilleke (CO Bar No. 47569)
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Ste. 100
Henderson, NV 89014
Tel: (702) 462-5973
Fax: (702) 553-3404
deniz@bayramoglu-legal.com
gokalp@bayramoglu-legal.com
david@bayramoglu-legal.com
nandish@bayramoglu-legal.com

*Attorneys for Plaintiff*

COMPLAINT FOR COPYRIGHT INFRINGEMENT      CASE NO.: _:__-cv-_____-___-___