**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| XYZ Corp., | ) | |
| | ) | |
| Plaintiff, | ) | No. 24 CV 1705 |
| | ) | |
| v. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| The Individuals, Corporations, ` | ) | |
| Limited Liability Companies, | ) | |
| Partnerships and Unincorporated | ) | |
| Associations Identified in Schedule A | ) | |
| Hereto, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons set forth below, plaintiff's motion for leave to file under seal and to temporarily proceed under a pseudonym [4] [5] is granted in part and denied in part, plaintiff's motions for leave to file under seal [14] [16] are granted, and plaintiff's motion for temporary restraining order [8] is granted. By 4/26/24, plaintiff shall submit the proposed TRO reflecting the Amended Schedule A to the Court's proposed order inbox (Proposed_Order_Cummings@ilnd.uscourts.gov). The 4/26/24 tracking status hearing is stricken and re-set to 6/7/24 at 9:00 a.m. (to track the case only, no appearance is required).

**STATEMENT**

The Court has reviewed the plaintiff's supplemental submissions in support of joinder and the pending motions before the Court, and orders as follows.

First, with respect to joinder, the Court finds that joinder is proper at this preliminary stage pursuant to Fed.R.Civ.P. 20(a)(2). Specifically, plaintiff has submitted evidence establishing that beyond just infringing the same copyright – which alone is insufficient to establish the property of joinder, *see Estee Lauder Cosmetics Ltd. v. Schedule A*, 334 F.R.D. 182, 187 (N.D.Ill. 2020) – the defendants included in plaintiff's Amended Schedule A are selling on the same platform and have immediately pirated images posted on plaintiff's website when offering new items for sale. Further, no defendants will be prejudiced by permitting joinder at this juncture. *See Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 334 F.R.D. 511, 517 (N.D.Ill. 2020). To the extent any defendant appears and objects to joinder, the Court will revisit the issue and is free to sever certain defendants from the case under Rule 21 at that time. And, of course, the Court's finding regarding joinder in this case is not dispositive of the propriety of joinder in any other cases before the Court.

1

As for plaintiff's motion to file under seal and to proceed under a pseudonym temporarily, (Dckt. #4 and #5), that motion is granted in part and denied in part. At a minimum, plaintiff's submissions establish that, were defendants to learn of these proceedings before the execution of plaintiff's requested preliminary injunctive relief, there is a significant risk that defendants could destroy relevant documentary evidence and hide or transfer assets beyond the reach of the Court. Accordingly, subject to unsealing at an appropriate time, plaintiff's request to seal certain documents is granted. The temporary restraining order that is being granted contemporaneously with this order will also be placed under seal.

Plaintiff's request to proceed under a pseudonym temporarily, however, is denied. As the Seventh Circuit has explained, "We have repeatedly voiced our disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes. To proceed anonymously, a party must demonstrate exceptional circumstances that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016); *see also Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[T]his circuit's decisions . . . disfavor anonymous litigation."); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.").

Here, plaintiff has failed to demonstrate the requisite "exceptional circumstances" to warrant proceeding anonymously under the factual scenario presented by the case, arguing solely that an internet search using plaintiff's company name produces results "directly tying plaintiff to the product brand at issue in this action." (Dckt. #4 at 2). Further, and more importantly, plaintiff has failed to demonstrate that the safeguards already in place will not otherwise protect its interest in enforcing its brand rights. *See XYZ Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 21-CV-06471, 2022 WL 180151, at *2 (N.D.Ill. Jan. 20, 2022) ("There is insufficient evidence . . . that Schedule A defendants are taking advantage of the case-tracking option to such an extent that it is materially impeding brand owners' enforcement efforts."). Moreover, plaintiff's *ex parte* motion for a temporary restraining order is being adjudicated contemporaneously, and the identity of the defendant entities will be placed under seal during the pendency of the *ex parte* proceedings. Given these protections for plaintiff's legitimate interests, the countervailing strong public interest in knowing who is seeking recourse in the federal courts compels the Court to deny plaintiff's request to conceal its own identity, even initially.

Finally, plaintiff's *ex parte* motion for a temporary restraining order, including a temporary injunction, a temporary asset restraint, expedited discovery, and electronic service of process, (Dckt. #8), is granted as to the Amended Schedule A. Plaintiff's filings support proceeding on an *ex parte* basis at this time. Specifically, and as noted above, were defendants to be informed of this proceeding before a TRO could issue, the Court finds that it is likely that their assets and websites would be redirected, thus defeating plaintiff's interests in identifying the defendants, stopping defendants' infringing conduct, and obtaining an accounting. In addition, the evidence submitted by plaintiff shows a likelihood of success on the merits (including evidence of active infringement and sales into Illinois), that the harm to plaintiff is

2

irreparable, and that an injunction is in the public interest. An injunction serves the public interest because of the consumer confusion caused by counterfeit goods, and there is no countervailing harm to defendants from an order directing them to stop infringement. Electronic service of process does not violate any treaty and is consistent with due process because it effectively communicates the pendency of this action to defendant. Expedited discovery is warranted to identify defendants and to implement the asset freeze. Plaintiff shall submit the proposed TRO reflecting the Amended Schedule A to the Court's proposed order inbox (Proposed_Order_Cummings@ilnd.uscourts.gov) by April 26, 2024.

**Date: April 23, 2024**

**Jeffrey I. Cummings**
**United States District Court Judge**